**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1740 CAS |
| ) | |
| BRENT G. THOMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Joe Hand Promotions, Inc.'s motion for entry of default judgment against defendants Brent G. Thompson and 4T Acres, LLC, and for attorneys' fees and costs. Plaintiff's motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiff's default judgment in the amount of $16,000.00 and costs in the amount of $350.00.

*I. Background*

On October 6, 2011, plaintiff filed a complaint against defendants Thompson and 4T Acres, LLC, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, and one count under state law for conversion. According to the complaint, plaintiff was granted, by contract, the right to distribute the UFC 124 St-Pierre v. Koscheck Broadcast (the "Broadcast") scheduled for December 11, 2010, via closed circuit television and via encrypted satellite signal. Plaintiff entered into subsequent contracts with various entities within the State of Missouri allowing them to publically exhibit the Broadcast for their patrons. Plaintiff alleges that with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized

to do so, defendants displayed the Broadcast at their bar, Norm's Pub, without purchasing the rights to do so. For relief, plaintiff seeks statutory, compensatory, and punitive damages, as well as attorneys' fees and costs.

Defendants Thompson and 4T Acres, LLC were served with summons and the complaint on March 20, 2012. Defendants did not answer or otherwise respond to the complaint. On May 9, 2012, the Clerk of Court entered a default against defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Doc. 12.

In its motion for default judgment, plaintiff requests an award of statutory damages in the amount of $61,000.00 under 47 U.S.C. § 605(e)(3)(C)(1)(II) and (ii), and for costs and reasonable attorney's fees in the amount of $1,500.00 under 47 U.S.C. § 605(e)(3)(C)(iii).

## *II. Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2012); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving

party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim.  10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b).  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).  "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint."  Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333, n.7).  Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true."  Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty.  Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiff made in its complaint as true, except for those allegations as to the amount of damages, and finds plaintiff is entitled to damages against defendants for a willful violation of 47 U.S.C. § 605.[1]  Taylor, 859 F.2d at 1333, n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted).

---

[1] In plaintiff's motion for default judgment and the memorandum in support thereof, plaintiff seeks damages under 47 U.S.C. § 605.  Plaintiff has not requested damages for the alleged violation of 47 U.S.C. § 553 (Count II) or for its state-law conversion claim (Count III).  Thus, the Court will treat Counts II and III as alternate theories for relief for which plaintiff is not entitled to additional damages.

## *III. Damages and Fees*

A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to § 605(e)(3)(C). Plaintiff has elected statutory damages, which range from a minimum of $1,000 to a maximum of $10,000 "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, enhanced damages of up to $100,000 are permitted, in the discretion of the court, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

In support of its motion for default judgment, plaintiff has submitted an affidavit of its president, Joe Hand, Jr. Mr. Hand attests that with the advent of pay-per-view, his company has experienced an erosion in sales of its propriety programming. Upon investigation, the company has determined that the cause of the decline in its sales is the rampant signal privacy of its broadcasts. Mr. Hand believes that the unchecked activity of signal piracy has cost his company several millions of dollars. He also attests that signal piracy has had a detrimental effect on lawful customers, whose cost of services has increased as a result. In response to the problem and to protects its business, the company, at large expense, has retained investigators, auditors, and law enforcement to detect signal pirates. Mr. Hand also attests that the sublicense fee for the Broadcast at issue in this case would have been $1,300.00 for an establishment with a capacity of 200 persons.

Plaintiff also submitted the affidavit of an investigator who visited Norm's Pub on the night of the Broadcast. She observed seven television sets in view playing the Broadcast. She estimated that the approximate capacity of the bar is 200 persons and on the night of the Broadcast, she counted more than 150 persons at Norm's Pub.

4

Damages awarded under § 605 have varied tremendously in this district. See, e.g., J & J Sports Prods., Inc. v. Sirkco, LLC, 2013 WL 363355, at *2 (E.D. Mo. Jan. 30, 2013) ($3,000.00); Joe Hand Promotions, Inc. v. Wilson, 2013 WL 275591, at *1 (E.D. Mo. Jan 24, 2013) ($15,000.00); J & J Sports Prods., Inc. v. Diamond Kings, 2012 WL 5330983, at *2 (E.D. Mo. Oct. 29, 2012) ($3,000.00); Joe Hand Promotions, Inc. v. El Borracho, LLC, 2012 WL 1134804, at *2 (E.D. Mo. Apr. 4, 2012) ($15,000.00); Joe Hand Promotions, Inc. v. TL Prods., L.L.C., 2010 WL 2428031, at *2 (E.D. Mo. Jun. 10, 2010) ($150,000.00). Here, plaintiff does not allege that defendants are repeat violators, and the Court has no reason to believe otherwise. Plaintiff does not allege substantial financial gain by defendants. Showing the Broadcast likely led to some monetary gain for defendants, however, there is no evidence that the unlawful monetary gain was substantial. The actual damages in this case can be calculated to be $1,300.00, the amount of the unpaid sublicense fee. The Court recognizes, however, there are additional actual damages to plaintiff that are more difficult to calculate, such as the cost of auditing and the devaluation of its programing. The Court also recognizes the need to deter signal pirates. But the Court also agrees with a number of other courts that "although the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business." Garden City Boxing Club, Inc. v. Polanco, 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006). Based on all the aforementioned factors, the Court will award plaintiff statutory damages in the amount of $3,000.00, and enhanced damages in the amount of $10,000.00 for a willful violation of §605 for the purpose of commercial advantage and financial gain.

As for plaintiff's request for reasonable attorney's fees and costs, pursuant to 47 U.S.C. § 605(e)(3)(C)(iii), plaintiff has provided no documentation to support its request for $1,500.00. Plaintiff submitted no attorney affidavits or legal bills demonstrating the amount of attorney's fees

5

and costs the company has incurred in pursuing this litigation against defendants. The Court declines to award undocumented attorney's fees and costs, however, it will award plaintiff its $350.00 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Joe Hand Promotions, Inc.'s motion for default judgment against defendants Brent G. Thompson and 4T Acres, LLC, is **GRANTED**. [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff Joe Hand Promotions, Inc., is awarded statutory damages in the amount of Thirteen Thousand Dollars ($13,000.00) against defendants Brent G. Thompson and 4T Acres, LLC.

**IT IS FURTHER ORDERED** that plaintiff Joe Hand Promotions, Inc., is entitled to costs against defendants Brent G. Thompson and 4T Acres, LLC, in the amount of Three Hundred Fifty Dollars ($350.00).

An appropriate judgment will accompany this memorandum and order.

                                                              **CHARLES A. SHAW**
                                                              **UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of February, 2013.